UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                                                   Chapter 11

      1457 REALTY LLC,                                      Case No.: 23-42852-ess

                       Debtor.
------------------------------------------------------x

## DECLARATION OF JACOB TAUBER
## PURSUANT TO E.D.N.Y. LBR 1007-4

Pursuant to 28 U.S.C. § 1746, I, Jacob Tauber, declare as follows under penalty of perjury:

1.    I am the managing member of 1457 Realty LLC, the debtor and debtor in possession in this Chapter 11 case (the "Debtor"). In that capacity, I am familiar with the Debtor's day-to-day operations, business, and financial affairs.

2.    This declaration is made pursuant to E.D.N.Y. LBR 1007-4 of the E.D.N.Y. Local Bankruptcy Rules to assist the Court and other parties in interest in understanding the circumstances that compelled the commencement of this Chapter 11 case and in support of the Debtor's petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.    Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtor's operations, financial affairs and past history. If called upon to testify, I would testify competently to the facts set forth in this declaration. I am authorized to submit this declaration on behalf of the Debtor. Section I of this declaration provides an overview of the Debtor's business. Section II describes the circumstances giving rise to the Debtor's commencement of this Chapter 11 case. Section III describes certain information required by LBR 1007-4 of the E.D.N.Y. Local Bankruptcy Rules.

## I.

## **The Debtor's Business**

4. The Debtor is a New York limited liability company with its corporate office located at 5808 13th Ave, Brooklyn, New York 11219. The Debtor is a real estate investment company formed in or around December of 2014 and its business involves the purchase, ownership and management of a two-family residence. The Debtor's principal asset consists of the real property commonly known as 1457 58th Street, Brooklyn, New York 11219, identified under Block 5699, Lot 51, in the Borough of Brooklyn (the "Property"). The Property is improved by a two-family residence.

## II.

## **Events Leading to the Chapter 11 Case**

5. Upon information and belief, the Debtor acquired title to the Property by deed dated December 28, 2014, and recorded on May 12, 2015, with the Office of the City Register of the City of New York under CRFN 2015000159196. Upon information and belief, at the time of that conveyance, the Debtor's member was Menashe Leifer. I acquired the Debtor's membership interest in or around June 2017 by an *Assignment of Membership Interest*.

6. As a result of the COVID-19 pandemic, the Debtor and I began experiencing financial difficulties.

7. On or about June 15, 2021, the Debtor's lender with respect to the Property commenced an action styled *Wilmington Trust, National Association, not in its individual capacity but solely as trustee of MFRA Trust 2016-1 against 1457 Realty LLC; Jacob Tauber; "John Doe" and "Jane Doe" said names being fictitious, it being the intention of Plaintiff to designate any and all occupants of the premises being foreclosed herein*, Index No. 514492/2021, pending in the

Supreme Court of the State of New York, County of Kings, seeking to, among other things, foreclose on the mortgage secured against the Property.

8. On or about March 15, 2022, the foreclosure court entered an order granting default judgment in favor of the lender and against the Debtor and me (as guarantor) (the "Default Judgment").

9. On or about September 28, 2022, the foreclosure court entered a judgment of foreclosure and sale.

10. Thereafter, the Debtor and I filed a motion seeking to vacate the lender's default. That motion was denied and the Debtor and I filed a notice of appeal. Specifically, the Debtor and I seek to reverse the foreclosure court's order denying the motion to vacate the Default Judgment.

11. In the meantime, the lender scheduled a sale of the Property for August 10, 2023.

12. The Debtor files the instant bankruptcy so that it can be given time to prosecute its appeal. Alternatively, the Debtor anticipates reinstating the arrears in a manner permitted by the Bankruptcy Code and to maximize value to its estate.

### III.

### Information Required by E.D.N.Y. LBR 1007-4

13. In accordance with E.D.N.Y. LBR 1007-4(a)(i), and to the best of my knowledge, information, and belief, the Debtor is not a small business debtor within the meaning of Bankruptcy Code § 101(51D).

14. In accordance with E.D.N.Y. LBR 1007-4(a)(ii), and to the best of my knowledge, information, and belief, the Debtor is a single asset real estate debtor within the meaning of Bankruptcy Code § 101(51B).

15. In accordance with E.D.N.Y. LBR 1007-4, a list of the names and addresses of the creditors holding secured claims and the 20 largest unsecured claims against the Debtor have been filed with the Debtor's bankruptcy petition.[1]

16. A summary of the Debtor's Assets and Liabilities are included with the Debtor's petition. *See* Official Form 206Sum "Summary of Assets and Liabilities for Non-Individuals."

17. As of the drafting of this declaration, the Debtor anticipates that its operating income for the 30-day period following the bankruptcy petition will be approximately $4,475.00 with operating expenses to be approximately $5,400.00.

18. The Debtor does not make any admissions and reserves all of its rights and remedies.

19. The foregoing is true and current to the best of my knowledge, information and belief.

Dated: August 9, 2023                                         */s/ Jacob Tauber*
      Airmont, New York                                         Jacob Tauber

---

[1] Official Form 204 filed with the Debtor's petition and schedules provides a list of the Debtor's creditors holding the 20 largest unsecured claims.